IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH ROBERTS #367291
        Petitioner             :

        v.                                      :  CIVIL ACTION NO. DKC-11-1409

PATRICIA GOINS-JOHNSON and        :
THE ATTORNEY GENERAL OF THE
 STATE OF MARYLAND                     :
        Respondents

**MEMORANDUM OPINION**

Joseph Roberts petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions in the Circuit Court for Cecil County for indecent exposure. Petitioner requests leave to file in forma pauperis (ECF No. 2) and requests appointment of counsel. ECF No. 3. Upon review of the Petition, the court will GRANT indigency status, DENY appointment of counsel, and DISMISS the Petition without prejudice to later refiling.

**I.    Procedural History**

On September 9, 2010, Petitioner was convicted of multiple counts of indecent exposure. On January 21, 2011, he received aggregate sentences requiring two years incarceration, with 156 days credit for time served. The electronic record indicates Petitioner filed a notice of appeal on January 25, 2011, which remains pending. Petitioner signed the instant § 2254 petition for federal habeas corpus relief on May 20, 2011. The Petition was received by the Clerk on May 24, 2011.

**II.    Discussion**

    **A.  Exhaustion**

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. *See* 28 U.S.C. §

2254(b) and (c); *see also Preiser v. Rodrieguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). If state court remedies have yet to be exhausted, the federal court must dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court. *See Slayton v. Smith*, 404 U.S. 53 (1971).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

### B. Petitioner's Claims

Petitioner claims that: 1) he was denied his Sixth Amendment right to counsel; 2) all the evidence was not presented to the court; and 3) the prosecution failed to correct false testimony from the State's witnesses.

Petitioner's conviction is still in direct appeal and obviously he has not exhausted his state court remedies. Petitioner is cautioned that there is a one-year filing deadline for state

prisoners filing applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).[1] A properly filed appeal or post-conviction petition will serve to toll or "stop" the running of the one-year limitations period for § 2254 petitions. Should he intend to refile this petition after his available state court remedies are exhausted, Petitioner should take care not to miss this deadline.[2] Given that this action is premature, Petitioner's request for appointment of counsel shall be denied.

### III. Certificate of Appealability

Lastly, when a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless a petitioner demonstrates both "1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Petitioner is reminded that only a properly filed application for state post-conviction review will toll the running of the one-year federal limitations period.

constitutional right' and 2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Petitioner fails to satisfy this standard or show substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, a Certificate of Appealability shall be denied. A separate Order follows.


Date:  May 31, 2011                                    /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge

4